CITY OF YONKERS and Yonkers Community Development Agency, Plaintiffs,

v.

OTIS ELEVATOR COMPANY and United Technologies Corporation, Defendants.

No. 83 Civ. 5944 (JES).

United States District Court, S.D. New York.

May 6, 1985.

---

Vito J. Cassan, Attorney for Plaintiffs New York City, for plaintiffs; John D. Calamari, Joseph M. Perillo, Peter M. Levine, New York City, of counsel.

Wachtell, Lipton, Rosen & Katz, New York City, for defendants; Robert B. Mazur, Barry A. Weprin, New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge:

■ Defendants move for summary judgment against plaintiffs, raising an assortment of defenses including among others the New York Statute of Frauds, N.Y. Gen.Obl.Law § 5–701(a)(1). The contract alleged in the complaint, requires defendant Otis Elevator Company to stay in Yonkers for a reasonable period, but not less than sixty years. *See* Complaint, ¶ 24 ("The period of time for performance by Otis and United of these obligations due to Yonkers and the Development Agency is for a reasonable time to be set by law, and is alleged to be at least sixty years."). That contract, therefore, by its terms cannot be performed within a year.[1]

The Court has been directed to no memoranda signed or prepared by the defendants even arguably sufficient to satisfy the statute of frauds with respect to that agreement, although the Court has been provided with an extensive amount of documentation with respect to defendants' motion. It follows that the complaint, as presently drafted, must be dismissed and the defendants' motion must be granted.

■ There has, however, been some confusion as to exactly what the plaintiffs now contend the contract to be. Both in the papers, and especially on oral argument of the motions, counsel for the plaintiffs maintained that the contract was for a reasonable time, that its duration was indefinite and that the Court could determine its length through appropriate proof.

The vague and elusive nature of these claims makes it difficult, if not impossible, for the Court to adequately assess the sufficiency of the defenses made and the applicability of the parol evidence rule. There also seems to be some confusion as to what plaintiffs presently claim the precise terms and obligations of the alleged contract are. Therefore, in the interest of justice and to afford the plaintiffs the opportunity to clarify these issues in a new pleading, the

1. The Court is not persuaded by plaintiffs' argument that the contract could have been performed within a year. What a contract is turns upon the expressed intent of the parties and here, if the allegations of the complaint are taken as true, the plaintiffs claim that the parties intended that the agreement would last for at least sixty years. The plaintiffs may not urge a theory of the contract for purposes of resisting a defense based upon the statute of frauds that is inconsistent with what the plaintiffs allege the contract to be in the complaint. *Cf. Ginsberg Machine Co. v. J & H Label Processing Corp.*, 341 F.2d 825, 827 (2d Cir.1965) ("By the very terms plaintiff attributes to the agreement, it is not to be performed within one year of the making thereof and thus it falls within the New York statute of frauds....").

This is especially true where, as here, if this contract were one that could be performed within a year, there might well be no breach as a matter of law. It is undisputed that Otis has remained in Yonkers for more than a year since the contract was allegedly made. In fact, at oral argument counsel for the parties indicated that defendants have not yet totally left Yonkers.

Court directs that the dismissal of the plaintiffs' complaint be without prejudice.

The plaintiffs shall file an amended complaint on or before June 18, 1985, specifying the nature of the contract which they claim to exist, the terms and obligations of each party thereunder, whether that contract was oral or written, and its alleged duration. The defendants shall then file a motion to dismiss and/or for summary judgment on or before July 18, 1985; the plaintiffs shall respond to that motion on or before August 19, 1985; the defendants shall reply on or before October 1, 1985, and a Pre-Trial Conference shall be held on January 17, 1986 at 10:00 A.M. Plaintiffs' cross-motion for partial summary judgment is denied.[2]

It is SO ORDERED.

---

**2.** There has been a suggestion throughout this litigation that the plaintiffs' action has been brought for political reasons, and for a vindictive purpose. *See, e.g.,* Affidavit of Robert B. Mazur In Support of Defendants' Motion for Summary Judgment, Exhibits A–I. The Court cannot presently assess the merits of that contention, although the shifting contours of plaintiffs' contractual assertions and the overall his-

tory of the case may lend this suggestion some credence. As one additional example, the Court notes that plaintiffs did not withdraw their fraud claim until after defendants had filed and served this summary judgment motion. Suffice it to say that if the Court later concludes that the action was brought in bad faith, the Court will not hesitate to impose whatever sanctions are appropriate under Rule 11.